UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAURICE SMYERS,

    Defendant.
_____/

Criminal Case No. 07-20556

HON. SEAN F. COX
United States District Judge

## OPINION & ORDER DENYING DEFENDANT'S MOTION FILED PURSUANT TO 28 U.S.C. § 2255 [Doc. No. 17]

Defendant Maurice Smyers ("Smyers") pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This Court sentenced Mr. Smyers on November 10, 2008, and Mr. Smyers did not file a direct appeal. Acting *pro se*, on October 21, 2009, Mr. Smyers filed a "Motion for Concurrent Time Credits" [Doc. No. 17], wherein he appears to seek credit for time served.

On March 24, 2010, the Court issued an order notifying Mr. Smyers of the Court's intent to characterize the motion as a petition pursuant to 28 U.S.C. § 2255, and allowing Mr. Smyers an opportunity to withdraw the filing if he so chose. Mr. Smyers filed a memorandum on April 20, 2010, in which he acknowledged that his motion should be characterized as a motion pursuant to 28 U.S.C. § 2255. [*See* Doc. No. 20]. As a result, this Court issued an order on May 24, 2010 construing the instant motion as a § 2255 motion, and ordered the Government to file a response no later than July 12, 2010. [*See* Doc. No. 21]. The Government opposes Mr. Smyers' motion. [*See* Doc. No. 22].

1

For the reasons that follow, the Court finds that "the motion and the files and records of the case conclusively show that [Mr. Smyers] is entitled to no relief," 28 U.S.C. § 2255(b). The Court therefore declines to "grant a hearing to determine the issues and make findings of fact and conclusions of law," *Morris v. United States*, 2010 WL 2854269, *2 (W.D. Mich. July 19, 2010), and **DENIES** Mr. Smyers' motion [Doc. No. 17].

STANDARD OF REVIEW

Mr. Smyers' motion is brought pursuant to 28 U.S.C. § 2255, which provides as follows, in pertinent part:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of § 2255 relief. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

2

ANALYSIS

Mr. Smyers' motion, brought pursuant to § 2255, does not claim that he should be released because there was error in the sentence that was imposed. Nor does Mr. Smyers contend that a constitutional error was made by the Court in sentencing him. Rather, Mr. Smyers' only claim is that he should be given credit against his federal sentence for the time that he served in prison on his State conviction.

Prisoners are entitled to credit against their federal sentences for any time served "prior to the date the sentence commences," if that time "has not been credited against another sentence." 18 U.S.C. § 3585(b). District courts, however, are not authorized to award a defendant credit for time served. *See, e.g., United States v.* Crozier, 259 F.3d 503, 520 (6th Cir. 2001) ("the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons"); *United States v. Noel*, 2010 WL 1378532, *3 (6 Cir. Apr. 8, 2010).

Further, a prisoner may not seek judicial review of the Bureau of Prison's computation for time served until after he has exhausted all available administrative remedies. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Smith*, 1998 WL 246404 (6th Cir. 1998). In this case, Mr. Smyers has not demonstrated that he has exhausted all administrative remedies available to him through the Bureau of Prisons.

CONCLUSION

For the reasons explained *supra*, the Court **DENIES** Defendant Maurice Smyers'

"Motion for Concurrent Time Credits" brought pursuant to 28 U.S.C. § 2255 [Doc. No. 17].

**IT IS SO ORDERED.**

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: August 12, 2010

I hereby certify that on August 12, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Maurice Smyers via First Class Mail at the address below:

Maurice Smyers # 41766-039
FCI McKean
P.O. Box 8000
Bradford, PA 16701

        S/J. Hernandez
        Case Manager